# EXHIBIT C

## TOLLING AGREEMENT

### (Continuing Tolling Period)

This Tolling Agreement ("Agreement") is made and entered into October 24, 2013, by and between U.S. Bank National Association ("Bank") and Lowenthal & Kofman, P.C. ("Firm") (each a "Party" and collectively the "Parties").

WHEREAS, Firm served as Bank's closing agent at the closing of a mortgage loan made to a borrower purporting to be Laura Fields on November 29, 2007 (the "Closing"). Firm's responsibilities included disbursement of loan proceeds, some of which were disbursed on December 4, 2013.

WHEREAS, Bank believes that facts may exist which would give rise to claims against Firm arising out of Firm's services as closing agent for the Closing, including but not limited to Firm's administration of the closing and Firm's disbursement of funds (the "Claims").

WHEREAS, Bank believes that, if commenced on or before December 4, 2013, a lawsuit pursuing the Claims would be timely. Bank believes that the Claims fall under the six-year breach of contract statute of limitations at NY CPLR § 213. Firm believes that the Claims are already time-barred pursuant to the 3-year statute of limitation for malpractice claims at NY CPLR § 214.

WHEREAS, the Parties have agreed to enter into this Tolling Agreement for the purpose of tolling any statute of limitations or repose that has not already lapsed or expired as of the date of this Agreement.

NOW, THEREFORE, the Parties agree as follows:

1.    Scope. This Agreement applies only to claims arising out of the Closing and/or the Claims.

2.    Expiration Date. The Parties agree to the tolling and suspension of any applicable statute of limitations and equitable claims of laches or other defenses based on the lapse of time, whether arising by statute, common law, contract, court order, or otherwise ("Limitation Periods"), as to any claim that Bank may have against Firm arising out of the Closing or Firm's services as closing agent for the Closing. Such tolling and suspension is effective as of the date of this Agreement and, subject to Section 3, below, will continue uninterrupted through and including September 20, 2016.

3.    Termination. The Parties agree that either Party may terminate this Agreement, and that such termination will be effective only upon thirty (30) days' prior written notice.

4.    Notice. Any notice of any type under or relating to this Agreement, must be given as follows:

If to U.S. Bank National Association:

Melonie L. Morse

U.S. Bank Home Mortgage
800 Moreland Street
Owensboro, KY 42301
CN-KY-MSFR
Email: melonie.morse@usbank.com
Fax: 866-364-6823

With copies to both:

William Yunker                          Robert Shainess, Esq.
US Bancorp Center                       Canadian Pacific Plaza
800 Nicollet Mall                       120 South 6th Street-Suite 1720
Minneapolis, MN 55402-7020              Minneapolis, MN 55402
BC-MN-H21N                              Email: rob@capstonelaw.com
Email: William.Yunker@USBank.com        Fax: (952)-314-9616
Fax: (612) 303-7886

If to the Firm:

Lowenthal & Kofman, P.C.
Attn: Steven Lowenthal, Esq.
Flatbush Financial Center
2001 Flatbush Avenue
Brooklyn, NY 11234

With copy to:

Steven Lowenthal, Esq. by email at steve@lokopc.com

     5.    <u>Tolling of Limitations.</u> Notwithstanding anything provided herein to the contrary, this Agreement effects a tolling and suspension of any statutes of limitations or repose on claims for which the statutes of limitations or repose have not already expired as of the date of this Agreement. This Agreement has no effect on any claims that were barred as of the date of this Agreement, and does not operate to revive any such claims. Also, nothing in this Agreement, or in the circumstances that gave rise to this Agreement, is an acknowledgement that, as of the date of this Agreement, any claim has been barred, or is about to be barred, by the statute of limitations, laches, or any other defense based on the lapse of time. Further, except for the tolling and suspension described in this Agreement, the Parties reserve all defenses and claims at law and in equity to any claim or cause of action brought by the other. Firm reserves its right to argue that Bank's claim falls within the 3-year statute of limitation for malpractice claims at NY CPLR § 214, and that the claim is therefore time barred.

     6.    <u>No Admission of Liability.</u> The Parties recognize and understand that the execution of this Agreement is not and may not be deemed to constitute evidence of or an admission of liability for any claim, cause of action, or defense. By entering into this Agreement, the Parties do not acknowledge or admit any liability to each other or to any third-party and do not waive any claim or defense otherwise available to them. This Agreement is not intended to be, and may not be deemed to be, an admission, acknowledgement, or concession by the Firm of

2

the existence or validity of any claim or cause of action that Bank may have against the Firm. Rather, this Agreement is intended only to toll and suspend the running of any statute of limitations or other Limitation Periods that may apply to any claim or cause of action that Bank may assert against the Firm arising out of or relating to the Closing.

7.    <u>Binding Nature; Successors and Assigns.</u> The Parties agree that this Agreement inures to the benefit of and binds each of them and their respective current and former agents, servants, officers, directors, stockholders, general partners, limited partners, principals, employees, parent companies, subsidiary companies, affiliates, antecedents, heirs, executors, conservators, estates, administrators, assigns, insurers, representatives, trustees, receivers, attorneys, predecessors-in-interest, and successors-in-interest.

8.    <u>Severability.</u> The Parties agree that the terms of this Agreement are severable and that the invalidity or unenforceability of any one or more of the provisions of this Agreement will have no effect on the validity or enforceability of any one or more of the other terms of this Agreement.

9.    <u>Read and Understand Agreement; Advice of Counsel.</u> The Parties affirm and acknowledge that they have read this Agreement, that they have had the advice and assistance of counsel of their choosing in connection with same, and that they understand and appreciate its terms. The Parties have each executed this Agreement as their own free act.

10.    <u>Representations and Warranties.</u> Each Party represents and warrants that the person executing this Agreement on its behalf is authorized to do so.

11.    <u>Governing Law.</u> All matters arising under or relating to this Agreement, including how this Agreement is be construed, will be governed by the laws of the State of New York without regard to conflict of laws principles.

12.    <u>Execution of the Agreement.</u> This Agreement may be executed in counterparts and each such counterpart will be binding as though one physical document had been signed by the Parties. Facsimile signatures will be deemed the same as and as effective as original signatures.

13.    <u>Integration.</u> This Agreement contains the entire agreement between the Parties with respect to its subject matter; it supersedes any prior and contemporaneous agreements, arrangements, negotiations, and understandings between the Parties relating to its subject matter. There are no other understandings, statements, promises or inducements, oral or otherwise, contrary to or different from the terms of this Agreement respecting its subject matter. No representations, warranties, covenants or conditions, express or implied, whether by statute or otherwise, other than as set forth in this Agreement, have been made by either Bank or the Firm to the other regarding its subject matter.

14.    <u>Headings.</u> The headings in this Agreement are for convenience only, do not constitute part of this Agreement, and do not limit, interpret, or otherwise affect in any way the provisions of this Agreement.

15.    <u>Drafting.</u> The Parties represent that this Agreement was drafted by all Parties and that, in interpreting this Agreement, no inference may be drawn with respect to the drafter of this Agreement or any part of it.

**IN WITNESS WHEREOF,** this Agreement has been duly executed as of the day and year first written above.

LOWENTHAL & KOFMAN, P.C.

By: _____
Name: Steven Lowenthal
Title: President

U.S. BANK NATIONAL ASSOCIATION

By: _____
Name: Melonie L Morse
Title: Assistant Vice President

STATE OF Kentucky )ss.

COUNTY OF Daviess )

On Nov. 12 , 2013, before me, Jennifer Crabtree , Notary Public, personally appeared Melonie Morse , personally known to me (or proved to me on the basis of satisfactory evidence) to be Assistant Vice President of U.S. Bank National Association, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.                    My Commission Expires:

_____
Notary Public



OFFICIAL SEAL
JENNIFER CRABTREE
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires Jan. 31, 2016
ID # 456377

STATE OF NEW YORK)ss.
COUNTY OF KINGS)

On the 24th day of October, 2013 before me, the undersigned, personally appeared STEVEN LOWENTHAL, personally known to me (or proved to me on the basis of satisfactory evidence) to be President of Lowenthal & Kofman, P.C., and acknowledged to me that he executed the same in his authorized capacity(ies), and that by his signature on the instrument the person, or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.                    My commission expires:

_____
Notary Public

SAMUEL TZVI ZAND
Notary Public, State of New York
No. 02ZA6216004
Qualified in Kings County
Commission Expires 02/01/20

4