```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COMMONWEALTH LAND TITLE INSURANCE
COMPANY and COMMONWEALTH LAND TITLE
INSURANCE COMPANY AS SUBROGEE OF
U.S. BANK NATIONAL ASSOCIATION,                    MEMORANDUM & ORDER
                                                   15-CV-3405 (KAM)(RER)
              Plaintiff,

      -against-

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSKOVITZ, LEAH HERSKOVITZ, TSIVY
HERSKOVITZ, LOWENTHAL & KOFMAN,
P.C., MARTIN KOFMAN, NORMAN TEPFER,
SAMUEL GLUCKMAN, KANZADA JORDAN,
and RONALD FIELDS,

              Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth" or "plaintiff") commenced this action against ANM Funding LLC, Abe Klein, Noah Herskovitz, Leah Herskovitz, Tsivy Herskovitz, Lowenthal & Kofman P.C., Martin Kofman, Norman Tepfer, Samuel Gluckman, Kanzada Jordan, and Ronald Fields (collectively, "defendants") alleging fraud, conspiracy to commit fraud, and breach of fiduciary duty as to all defendants[1] and a violation of N.Y. Exec. Law § 135 as to Lowenthal & Kofman P.C. and Norman Tepfer. (ECF No. 1, Complaint ("Compl.").) Lowenthal & Kofman P.C., Martin Kofman, and Norman Tepfer (collectively, the "Lowenthal

---

[1] The breach of fiduciary duty claim was, however, not brought against Kanzada Jordan or Ronald Fields.

Defendants") subsequently moved to dismiss the complaint against them pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 17.)

The court referred the motion to Magistrate Judge Reyes (Docket Entry April 8, 2016), who recommended that the motion be DENIED with respect to Commonwealth's claims for fraud, conspiracy to commit fraud, and violation of N.Y. Exec. Law § 135, but GRANTED with respect to plaintiff's claims for breach of fiduciary duty. (ECF No. 24, Report and Recommendation.) The Lowenthal Defendants have since filed objections to the Report and Recommendation. (ECF No. 25, Lowenthal Defendants' Objections ("Def. Mem.").) Commonwealth has not objected to the Report and Recommendation or responded to the Lowenthal Defendants' objections. For the reasons stated herein, and upon *de novo* review, the court adopts Judge Reyes's well-reasoned and thorough Report and Recommendation fully and affirms it entirely.

## BACKGROUND

Assuming the truth of all well-pled facts, U.S. Bank National Association ("U.S. Bank") issued a loan on November 29, 2007, to Laura Fields ("Fields"), repayment of which was to be secured by a mortgage on Fields's property. (Compl. ¶ 20.) Commonwealth issued U.S. Bank a loan policy insuring the mortgage as a first lien and indemnifying U.S. Bank against losses caused

2

by any defects in the title. (*Id.* ¶ 21.) Unbeknownst to U.S. Bank and Commonwealth, however, Fields had died before the closing and the mortgage had been signed by an imposter. (*Id.* ¶¶ 21, 35, 41.) Commonwealth alleges that defendants collaborated in an intricate scheme involving multiple acts of subterfuge, including, for example, creating false employment verifications fraudulently stating that Fields was working and placing a false social security number on Fields' death certificate to conceal her death from any search of public records. (*Id.* ¶¶ 30, 31, 34.)

Lowenthal & Kofman P.C. and Martin Kofman acted as U.S. Bank's counsel and settlement agent at the November 29, 2007 closing. (*Id.* ¶ 36.) Norman Tepfer was a notary public and an employee of Lowenthal & Kofman P.C. (*Id.* ¶¶ 10, 36.) The Lowenthal Defendants' liability is allegedly premised on: (1) the Lowenthal Defendants' knowledge regarding U.S. Bank and Commonwealth's loan and insurance prerequisites (including the submission of a HUD-1[2] form and a notarized signature of the mortgagor); (2) Lowenthal & Kofman P.C.'s knowing submission of a false HUD-1 form on November 29, 2007 to U.S. Bank; and (3) Tepfer's fraudulent acknowledgment of the signature of the imposter on the mortgage. (*Id.* ¶¶ 36-40.)

---

[2] "A HUD-1 form is a Housing and Urban Development settlement form used in closing a property sale that details the costs and fees associated with a mortgage loan." *United States v. Bouchard*, 828 F.3d 116, 121 n.2 (2d Cir. 2016).

On October 28, 2013, U.S. Bank commenced an action against Commonwealth in the Southern District of New York[3] seeking damages for breach of the title insurance policy. (*Id.* ¶ 16.) On August 11, 2014, Commonwealth filed a third-party complaint seeking contribution and/or indemnification from multiple third-party defendants, including the Lowenthal Defendants. *See Commonwealth I*, 2015 WL 1291151, at *1. On March 23, 2015, the district court dismissed Commonwealth's claims for contribution and indemnification, but explicitly stated that the dismissal "does not necessarily preclude Commonwealth from pursuing direct claims against the third-party defendants, either for violation of Exec. Law § 135 or more generally for fraud. It should be clear that we intend to express no view on the ultimate merits of any such claim(s)." *Id.* at *4 (footnote omitted).

On March 30, 2015, Commonwealth paid U.S. Bank $100,000 "in settlement of all claims under the Policy relating to the Mortgage not being a first lien against the Premises." (Compl. ¶ 17.) Commonwealth alleges that it incurred $120,000 in attorney's fees litigating the action in the Southern District of

---

[3] The court takes judicial notice of the filings in the related action in the Southern District of New York. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . ."); *Vaughn v. Consumer Home Mortg. Co., Inc.*, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) ("It is . . . well established that courts may take judicial notice of court records.").

New York. (*Id.* ¶ 42.) Under the terms of the policy, "upon settlement with U.S. Bank[,] Commonwealth subrogated to the claims of U.S. Bank" against defendants. (*Id.* ¶ 18.) Additionally, as relevant here, U.S. Bank and the Lowenthal Defendants entered into a tolling agreement on October 24, 2013, suspending the limitations period within which to make a claim against the Lowenthal Defendants until September 20, 2016. (*Id.* ¶ 44; *see also* ECF No. 19, Def. Ex. C.)

On June 11, 2015, Commonwealth brought the instant action against, *inter alia*, the Lowenthal Defendants, alleging direct and subrogee claims of: (1) fraud and conspiracy to commit fraud and (2) violation of N.Y. Exec. Law § 135.[4] The Lowenthal Defendants moved to dismiss and the parties fully briefed the motion. (ECF Nos. 16-23.) As noted above, upon referral of the motion, the magistrate judge recommended against dismissal of the claims. (*But see supra* note 4.)

---

[4] As discussed above, Commonwealth also brought claims for breach of fiduciary duty against certain defendants including the Lowenthal Defendants. (Compl. ¶¶ 45-48.) The magistrate judge recommended dismissal of the breach of fiduciary duty claims, which he found were time-barred as duplicative of malpractice claims. (Report and Recommendation, at p. 6.) Neither party has objected to dismissal of the breach of fiduciary duty claims, and the court finds no clear error with respect to the dismissal of the breach of fiduciary duty claims against the Lowenthal Defendants.

**STANDARD OF REVIEW**

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *Wolff v. Town of Mount Pleasant*, No. 06-CV-3864, 2009 WL 1468620, at *1 (S.D.N.Y. May 26, 2009). "The clearly-erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments." *Id.* (internal quotation marks and citation omitted).

**DISCUSSION**

As noted above, the Lowenthal Defendants objected to the Report and Recommendation. Specifically, the Lowenthal Defendants claim that:

(1) All of Commonwealth's claims are barred as a matter of public policy;

(2) Commonwealth's claims are barred by *res judicata*;

(3) Commonwealth's attorney's fees incurred in defending the action in the Southern District of New York are unrecoverable;

(4) Commonwealth's claims are untimely; and

(5) Commonwealth in any event fails to state any cause of action against the Lowenthal Defendants.

The court addresses the Lowenthal Defendants' arguments in turn.

## I. *Public Policy*

The Lowenthal Defendants first contend that this action is barred as a matter of public policy. The Lowenthal Defendants cite *Jones Lang Wootton USA v. LeBoeuf, Lamb, Greene & MacRae*, 243 A.D.2d 168, 181-82 (N.Y. App. Div. 1998) (citations omitted), for the proposition that "an insurance carrier cannot fashion the underlying litigation so as to manufacture a cause of action against their insured's attorneys." (Def. Mem. at 5-6.) *Jones Lang* is inapposite because there was no allegation in *Jones Lang*, as there is in the instant action, that the insured's law firm or the law firm's agents committed fraud. (*See* Compl. ¶ 38 (alleging that "Lowenthal & Kofman P.C. and Martin Kofman knowingly submitted a false HUD-1" and that "Tepfer fraudulently acknowledged the signature of the imposter"); *see also, e.g.*, *id.* ¶¶ 21, 41-42.) This action is not barred as a matter of public policy.

## II. *Res Judicata*

The Lowenthal Defendants next contend that the dismissal of the third-party complaint in the Southern District of New York action precludes the instant action on *res judicata* grounds. (Def. Mem. at 15-16.) As the magistrate judge correctly recognized (Report and Recommendation, at p. 4), the district court's dismissal of the third-party complaint in the Southern District of New York action was not based on the merits of Commonwealth's direct claims. *See Commonwealth I*, 2015 WL 1291151, at *4 ("[W]e intend to express no view on the ultimate merits of [claims for violation of N.Y. Exec. Law § 135 or fraud]."); *see also EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (recognizing that *res judicata* requires "a final judgment on the merits"). If there were any remaining uncertainty, the district court's opinion denying Commonwealth's motion for reargument of *Commonwealth I* stated:

> Finally, we note, once again, that this ruling does not necessarily leave Commonwealth without remedy. We have repeatedly suggested, both in conference and in writing, that Commonwealth pursue a direct action against any allegedly fraudulent actors after it makes any payment on the policy.

*U.S. Bank, Nat. Ass'n v. Commonwealth Land Title Ins. Co.*, No. 13-CV-7626, 2015 WL 3457060, at *2 (S.D.N.Y. May 27, 2015) (hereinafter *Commonwealth II*). *Res judicata* is inapplicable here.

### *III. Attorney's Fees*

The Lowenthal Defendants next contend that the magistrate judge incorrectly found Commonwealth's attorney's fees incurred in defending the Southern District of New York action to be recoverable in this action. (Def. Mem. at 13-15.) New York law provides that if "'through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys' fees and other expenses thereby suffered or incurred.'" *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of New York*, 734 F. Supp. 2d 368, 386 (S.D.N.Y. 2010) (quoting *Shindler v. Lamb*, N.Y.S.2d 762, 765 (N.Y. Sup. Ct. 1959)). Here, Commonwealth alleges that but for the Lowenthal Defendants' alleged fraud, it would not have been forced to defend against U.S. Bank's complaint in the Southern District of New York. (Compl. ¶¶ 37-38.) The magistrate judge's determination that Commonwealth may be entitled to fees incurred for defending the Southern District of New York action was correct.

### *IV. Timeliness*

The Lowenthal Defendants next argue that the magistrate judge incorrectly found both the subrogee and direct claims asserted in this action to be timely. (Def. Mem. at 6-9.)

9

A.  *Subrogee Claims*

The subrogee claims against Lowenthal & Kofman P.C. and Martin Kofman are timely because the tolling agreement referenced in the complaint (Compl. ¶ 44) applied, without limitation, to all claims arising out of the "the closing of a mortgage loan made to a borrower purporting to be Laura Field on November 29, 2007" and/or "claims against [Lowenthal & Kofman P.C.] arising out [Lowenthal & Kofman P.C.'s] services as closing agent for the Closing, including but not limited to [Lowenthal & Kofman P.C.'s] administration of the closing and [Lowenthal & Kofman P.C.'s] disbursement of funds." (ECF No. 19, Ex. C.) The subrogee claims against Lowenthal & Kofman P.C. and Martin Kofman, which the magistrate judge correctly determined sound in fraud (Report and Recommendation, at pp. 4-6), were brought before the expiration of the tolling agreement.

Commonwealth only argued that the subrogee claims were timely based on the tolling agreement. (ECF No. 21, Memorandum in Opposition, at pp. 7-10.) The tolling agreement does not apply to Tepfer, however. (Report and Recommendation, at p. 7.) Tepfer's purported fraud and notarial misconduct occurred on the date of the closing, November 29, 2007. The magistrate judge correctly determined that N.Y. C.P.L.R. § 213(8) applies to the fraud and

N.Y. Exec. Law § 135 claims. (Report and Recommendation, at p. 6.) N.Y. C.P.L.R. § 213(8) provides that an "action alleging fraud must be commenced within 'the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it.'" *Carbon Capital Mgmt., LLC v. Am. Exp. Co.*, 932 N.Y.S.2d 488, 495 (2011) (quoting N.Y. C.P.L.R. § 213(8)). Here, the six-year window expired on November 29, 2013, approximately two years before Commonwealth brought the subrogee claims. It is not clear from the face of the complaint, however, when U.S. Bank "discovered" Tepfer's fraud "or could with reasonable diligence have discovered it."[5] N.Y. C.P.L.R. § 213(8). Accordingly, the statute of limitations does not bar Commonwealth's subrogee claims against Tepfer.

B. *Direct Claims*

The direct fraud claims against the Lowenthal Defendants are timely because Commonwealth has raised issues of fact regarding

---

[5] The Lowenthal Defendants direct the court to documents outside the pleadings in support of their argument that both Commonwealth and U.S. Bank were on notice of the potential claims against the Lowenthal Defendants. (Def. Mem. at 8-9.) The court cannot consider documents outside the scope of the pleadings in resolving the Lowenthal Defendants' statute of limitations defense. *See Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.").

when Commonwealth was on notice of the Lowenthal Defendants' fraud. (Compl. ¶ 43; ECF No. 21, Memorandum in Opposition, at p. 12.) *See Carbon Capital*, 932 N.Y.S.2d at 495 ("An action alleging fraud must be commenced within 'the greater of six years from the date the cause of action accrued *or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it*.'" (emphasis added) (quoting N.Y. C.P.L.R. § 213(8)). Addressing the Lowenthal Defendants' contention that the plaintiffs have "fabricated" their purported lack of notice (Def. Mem. at 8-9) would require the court to consider matters beyond the scope of the pleadings. (*See supra* note 5.)

The direct notarial misconduct claims are timely because New York law indicates that the statute of limitations runs from when the injury (here, Commonwealth's payment under the title insurance policy) was suffered. *See Marine Midland Bank, N.A. v. Stanton*, 556 N.Y.S.2d 815 (N.Y. Sup. Ct. 1990) ("Section 135 of the Executive Law creates a cause of action for persons injured by reason of notarial misconduct. By its very language there is no cause of action absent injury. Therefore, it follows that the misconduct is not the triggering factor for computation of the Statute of Limitations, but rather the injury."). Commonwealth

paid U.S. Bank $100,000 in settlement of all claims under the title insurance policy on March 30, 2015. (Compl. ¶ 17.) Notarial misconduct claims premised on fraud, as the instant notarial misconduct claim is, are governed by the six-year/two-year statute of limitations set out in N.Y. C.P.L.R. § 213(8). (*See* Report and Recommendation, at p. 6.)

Accordingly, the subrogee and direct claims against the Lowenthal Defendants are timely.

## V. *Failure to State a Claim*

The Lowenthal Defendants also argue that Commonwealth has failed to state any claim against them. (Def. Mem. at 9-13.)

### C. *Fraud and Conspiracy to Commit Fraud*

The Lowenthal Defendants first argue that Commonwealth has failed to plead causes of action for fraud and conspiracy to commit fraud against them. The Lowenthal Defendants fundamentally misunderstand the nature of the allegations in Commonwealth's complaint. The Lowenthal Defendants claim that Commonwealth does not "allege that [the Lowenthal Defendants] were aware of the alleged fraud by the imposter" and that Commonwealth only alleges that the Lowenthal Defendants "knew U.S. Bank needed certain items for the loan." (Def. Mem. at 10-11.) Upon *de novo* review, and for essentially the same reasons discussed in the Report and

13

Recommendation, the court respectfully disagrees. Commonwealth alleges that the Lowenthal Defendants "knowingly submitted a false HUD-1," that "Tepfer fraudulently acknowledged the signature of the imposter," and that all of the named defendants "participated in a conspiracy to commit fraud." (Compl. ¶¶ 21, 37-38.) The individual defendants are named and their purported roles in the conspiracy are spelled out in detail in the complaint. Even the Lowenthal Defendants admit that fraud occurred, though they deny their involvement. (Def. Mem. at 11.) For the reasons stated in the Report and Recommendation, there is sufficient factual matter in the complaint to state a claim for fraud and conspiracy to commit fraud.

  D.  *N.Y. Exec. Law § 135.*

The Lowenthal Defendants also allege that the magistrate judge incorrectly found that Commonwealth stated a claim under N.Y. Exec. Law § 135. (Def. Mem. at 11-13.) Section 135 creates liability for notarial misconduct. *See* N.Y. Exec. Law § 135. The Lowenthal Defendants' contentions regarding notarial misconduct fall short for the same reasons their arguments regarding fraud fell short: they mischaracterize the nature of Commonwealth's allegations. As the Lowenthal Defendants understand the complaint, Commonwealth merely alleges that the Lowenthal Defendants were

14

"duped by an imposter armed with identification involved in a conspiracy to defraud a mortgage lender" and that the Lowenthal Defendants only had "knowledge of U.S. Bank's requirements for the loan." (Def. Mem. at 11-12.) As discussed above, the allegations go farther and allege that Tepfer, as an employee of Lowenthal & Kofman P.C. and notary public, knowingly participated in the fraud. (Compl. ¶ 38.) For the reasons discussed in the Report and Recommendation, Commonwealth has stated a claim against the Lowenthal Defendants under N.Y. Exec. Law § 135.

## CONCLUSION

Accordingly, the Lowenthal Defendants' objections are respectfully DENIED. The court adopts Magistrate Judge Reyes's thorough and well-reasoned Report and Recommendation in all respects. The parties are respectfully referred to Judge Reyes for supervision of discovery and a settlement conference.

**SO ORDERED.**

Dated:   September 30, 2016
         Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge